UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ALICE ROBERTS ET AL | CIVIL ACTION |
| VERSUS | NO. 07-9513 |
| MICHIGAN INSURANCE COMPANY ET AL | SECTION: "C" (5) |

ORDER AND REASONS

This removed matter comes before the Court on the issue whether the jurisdictional amount existed at the time of removal and plaintiff's motion to remand. Having reviewed the record, the stipulation of the parties and the law, the Court has determined that remand is appropriate for the following reasons.

The plaintiffs filed suit in state court for damages caused by an automobile collision. The defendant removed based on diversity. Subsequently, the plaintiff consummated a "binding stipulation" that the amount in controversy does not exceed $75,000.

With regard to the existence of the jurisdictional minimum, the parties may neither consent to nor waive federal subject matter jurisdiction. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848 (5th Cir. 1999). Bare assertions by the removing party are insufficient to vest a federal court with jurisdiction. *Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A.*, 988 F.2d 559 (5th Cir.1993), *cert.*

1

*denied*, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. *Id.*; *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295 (5th Cir.1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. *Id.* This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. *Id.*  It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 287, n. 10 (1938) (citing *McNutt v. General Motors Corp.*, 298 U.S. 178,182-189 (1936); *Diefenthal v. Civil Aeronautics Board*, 681 F .2d 1039 (5th Cir. 1982), *cert. denied*, 459 U.S.1107 (1983).

  The defendant has not met its burden to show that the jurisdictional amount is facially apparent for present purposes, nor has it made a showing sufficiently particularized to meet its burden. Instead, the parties have filed a "Joint Response to Order" based on a stipulation that purports to bind the plaintiff to a recovery that does not exceed the jurisdictional minimum of $75,000 (Rec. Doc. 8).  The Court has consistently recognized that even if a stipulation may not be "binding" for purposes of La.Code Civ. P. art. 862 under the reasoning in *Crosby v. Lassen Canyon Nursery, Inc*., 2003 WL 22533617 (E.D.La.) (J. Vance), it is, nonetheless, strong evidence of the jurisdictional amount for present purposes.  Here, the plaintiff indicates that her injuries were soft tissue in nature, and were resolved within six months of basic therapy.

Subsequent events that reduce the amount in controversy below the statutory minimum generally will not divest of federal court of jurisdiction. *See e.g., Landry v. A-Able Bonding Inc.*, 870 F.Supp. 715, 718 (E.D.Tex. 1994).  This stipulation is not a subsequent event; rather, it reveals that the extent of damages from plaintiff's injuries at the basis of her claim and at the time of removal did not exceed the jurisdictional minimum.

Based on the record and the law, the Court finds that the defendant has not established subject matter jurisdiction. In addition, the Court is mindful that removal jurisdiction is strictly construed. *See e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100 (1941); *Brown v. Demco, Inc.*, 792 F.2d 478 (5th Cir.1986); Butler v. Polk, 592 F.2d 1293 (5th Cir.1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, § 3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, § 3739.

Accordingly,

IT IS ORDERED that this matter is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, for lack of jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 24th day of March, 2008.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE